UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Dwight W. McGL. Gaskin,                    )
                                           )
         Plaintiff,                        )
                                           )
         v.                                )        Civil Action No. 18-29 (UNA)
                                           )
Embassy of Canada *et al.*,                )
                                           )
         Defendants.                       )
_____           )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed

*in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack

of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of a case when

jurisdiction is found wanting).

Plaintiff is a Canadian resident who has filed suit against the Canadian government and

Canadian officials under the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1350. But "in a suit

involving a foreign state, a plaintiff must satisfy subject matter jurisdiction under the FSIA

[Foreign Sovereign Immunities Act] before the court can reach claims under the [ATCA]."

*Soudavar v. Islamic Republic of Iran*, 67 Fed. App'x 618, 619-20 (D.C. Cir. 2003) (per curiam).

The FSIA is the "sole basis for obtaining jurisdiction over a foreign state in our courts."

*Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). "The FSIA

provides generally that a foreign state is immune from the jurisdiction of the United States courts

unless one of the exceptions listed in 28 U.S.C. § 1605(a) applies," *Roeder v. Islamic Republic of

Iran*, 646 F.3d 56, 58 (D.C. Cir. 2011) (citation and internal quotation marks omitted), or an

1

existing international agreement provides otherwise, *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 86 (D.C. Cir. 2005). *See* 28 U.S.C. § 1604 (conferring foreign state immunity "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act"). "Claims against foreign sovereigns that do not fall within the ambit of an FSIA exception are barred." *Simon v. Republic of Hungary*, 812 F. 3d 127, 141 (D.C. Cir. 2016) (citation and internal quotation marks omitted). And waivers of sovereign immunity must be clear and unequivocal. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992).

The prolix complaint is difficult to follow and is wholly insufficient under the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Most importantly, the complaint simply fails to satisfy jurisdiction under the FSIA. As a result, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

DATE: February 26, 2018

United States District Judge